HILL v. WILLIAMS.

1. LANDLORD AND TENANT—RENT—TITLE.—In action by landlord to recover the rent which the tenant had agreed to pay him, the tenant does not raise the question of title to the land by alleging a subsequent purchase by others from a third person, to which others he had attorned with plaintiff's consent.

2. IBID.—IBID.—PARTIES.—And neither such other purchasers nor the clerk of the Circuit Court, to whom defendant had paid the rent before suit brought, were necessary parties to this action in the Trial Justice's Court.

3. IBID.—IBID.—EVIDENCE.—But defendant was entitled to offer testimony to show that the relation of landlord and tenant between the parties had been terminated by plaintiff's assent that defendant should rent from the other claimants.

Before IZLAR, J., Greenville, April, 1893.

Action by Sam. Hill against George Williams, commenced before a trial justice on November 12, 1892, to recover stipulated rent for the year 1892. The defendant answered alleging that after he rented he received notice from E. B. Burroughs and A. B. Davis that they had purchased the place, and would hold defendant responsible for the rent, and that, therefore, he had paid the year's rent to the clerk of the Circuit Court; and that the relation of landlord and tenant had been severed by mutual consent. He, therefore, demanded that Burroughs, Davis, and the clerk of court be made parties.

At the trial, defendant insisted that the question of title was raised by his answer, and that the trial justice was without jurisdiction; this objection was overruled. Defendant offered to prove by Burroughs that the witness had purchased the land from the trustees of the Wadsworthville Poor School, that defendant had rented from Davis and himself, and that plaintiff knew it; but this proposed testimony was ruled out. Judgment was for plaintiff, and the Circuit Court dismissed an appea-

therefrom.   The case came to this court on the  following  exceptions:

1. Because his honor erred in not sustaining defendant's first exception, to wit: "Said trial justice erred in holding that the issues in the said case did not raise the question of title."   2. In not sustaining defendant's second exception alleging error in trial justice in not amending the pleadings by making E. B. Burroughs, A. B. Davis, and A. J. Mosely parties defendant to the said action.   3. In not sustaining defendant's third exception alleging error in the trial justice in sustaining demurrer of plaintiff's attorney to defendant's first defence.   4. In not sustaining defendant's fourth exception alleging error in trial . justice in not allowing the witness, E. B. Burroughs, to answer the question if he had not purchased this land from the trustees of the Wadsworthville Poor School since the time plaintiff alleged he rented to defendant in May, 1892.   5. In not sustaining defendant's fifth exception alleging error in trial justice in not allowing the defendant to offer in evidence the rent obligation of the defendant to E. B. Burroughs and A. B. Davis, of date May 29, 1892, for rent of these lands for said year.   6. In not sustaining defendant's sixth exception alleging error in trial justice in not allowing the witness to answer question asked by defendant's attorney, if plaintiff knew that defendant had rented from Burroughs and Davis.   7. In not sustaining defendant's seventh exception alleging error in trial justice in not holding that when defendant deposited the amount of the rent with the clerk of the court for said county and State, after notice not to pay it to plaintiff as alleged, he did all the law required of him to do, and was, therefore, entitled to a verdict in the case.

*Mr. J. A. McCullough,* for appellant.

*Mr. A. Blythe,* contra.

March 21, 1894.   The opinion of the court was delivered by

MR. JUSTICE POPE.   The plaintiff sued defendant for the sum of twenty-five dollars due as rent in the Trial Justice

Court for Greenville County, and obtained judgment. An appeal was taken by defendant to the Court of Common Pleas for Greenville County, in said State, and when the same came on to be heard by Judge Izlar on 6th April, 1893, such appeal was dismissed. Defendant now appeals to this court. The exceptions will be reported.

We cannot sustain the first exception wherein it is alleged that the question of title was raised in this case. The plaintiff certainly claimed the right to rent the land to defendant, which the defendant admitted by renting from him. During the time the defendant was in possession of the plaintiff's land as his tenant, it is alleged that two other parties purchased the land from a third party, of which purchase both parties, plaintiff and defendant, had notice. We do not see that in a suit to enforce an obligation to pay rent between the landlord and tenant, and when it is not claimed that any eviction of the tenant by title paramount in another than the landlord has taken place, that any question of title is involved. It might prove a very dangerous practice to convert an action by a landlord against his tenant for the recovery of rent, when the possession of the land has been turned over to the tenant by the landlord, into an action of trespass to try title, wherein such landlord would be plaintiff and the holder of an adverse title be made defendant. The very great value of possession in such a case would thereby be taken from the plaintiff and transferred to defendant. We know of no rule of law which permits a tenant to inject any such issue when sued by his acknowledged landlord for the rent he has stipulated to pay him.

Appellant's second exception alleges error in the Circuit Judge for not requiring that E. B. Burroughs, A. B. Davis, and A. J. Mosely he made parties defendants to said action. It seems from the case that plaintiff had rented his land to the defendant for the year 1891, and again for the year 1892. About May, 1892, the parties, E. B. Burroughs and A. B. Davis, had purchased from the trustees of the Wadsworthville Poor School the land which plaintiff had rented to defendant. The plaintiff did not claim title from the said trustees but from one Dickson. In May, 1892, it is claimed, said Bur-

roughs and Davis induced the defendant to attorn to them as his landlords, and, it is claimed, that this attornment was consented to by plaintiff. In November, 1892, when the rent fell due, the plaintiff still claiming the rent, and the said Burroughs and Davis also claiming such rent, the defendant paid the same to A. J. Mosely as clerk of the Circuit Court for Greenville County, to abide the settlement of such rival claims.

So far as A. J. Mosely is concerned, he is nothing here but a stakeholder. The same principle should govern in determining the question as to his being a necessary party to this legal controversy as if he were a private individual. The mere fact that he happens to be clerk of the Circuit Court does not affect this matter one way or the other; for we know of no law that makes it the duty of the clerk of the court, as such, to become the depository of funds over which there may be a litigation in Trial Justice's Courts of his county. The contractual relation of landlord and tenant is the subject matter of the action in the Trial Justice Court, between the plaintiff and defendant. It is not claimed that either Burroughs or Davis was party to the contract of plaintiff and defendant when made. The only effect sought by making such individuals parties now is to test the question between the plaintiff and defendant as to whether *their* contractual relation has been dissolved. This is a matter of evidence; for if the plaintiff legally consented to dissolve the relation of landlord and tenant which had been in existence between himself and defendant, clearly he would not be entitled to recover this rent. We do not see any error in refusing to make these individuals parties defendant, and the conclusion here announced disposes of the third ground of appeal also.

The fourth, fifth, and sixth all relate to alleged errors in the court below as to the competency of certain testimony offered to show that the contract for rent between plaintiff and defendant had, in legal effect, been annulled by plaintiff, when he consented that defendant should rent from Burroughs and Davis. The defendant had the right to show this if he could, and the testimony he offered tended in this direction. We would not be understood as expressing any opinion as to the sufficiency of such testimony, for with that we have

nothing to do. We speak purely and simply as to its competency. The court should have received the testimony, and not having done so upon defendant's offer of the same, a new trial must be had.

What we have hereinbefore held in considering the second ground of appeal, disposes of the seventh ground of appeal also.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the action is remanded for the purpose of a new trial in the Trial Justice's Court.